```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| VARTAN FRNZLIAN, HARUTYOUN FRNZLIAN, GRIGOR FRNZLIAN, NVARD FRNZLIAN and AGHAVNI HAKOBYAN,<br><br>   Petitioners,<br><br> v.<br><br>NANCY ALCANTAR, FIELD OFFICE DIRECTOR IMMIGRATION AND CUSTOM ENFORCEMENT, COMMANDER WALL, WARDEN OF LERDO DETENTION FACILITY, ALBERTO GONZALES, ATTORNEY GENERAL OF THE UNITED STATES, MICHAEL CHERTOFF SECRETARY OF DEPARTMENT OF HOMELAND SECURITY,<br><br>   Respondents. | 1:05-cv-00547 OWW HC<br><br>ORDER FOR TRANSFER OF PETITION FOR WRIT OF HABEAS CORPUS RE: ORDER OF REMOVAL OR DEPORTATION TO COURT OF APPEAL PURSUANT TO THE ID PROTECT ACT OF 2005 |

   Petitioners, Vartan Frnzlian and his family members, bring this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Jurisdiction is invoked under the Constitution of the United States, the Suspension Clause, and the Immigration and Nationality Act (INA) 8 U.S.C. § 1101, et seq., as amended by the Illegal Immigration Reform & Immigrant Responsibility Act of 1996 (IIRIRA), seeking Vartan's release from custody and abrogation of

1

an order of removal.  Petitioners claim ineffective assistance of counsel throughout Vartan's immigration proceedings that resulted in a denial of due process of law.  Vartan's petition for review before the Court of Appeal for the Ninth Circuit was dismissed by order filed May 14, 2004.

Petitioner Vartan Frnzlian was taken into custody March 2, 2005, and is currently held at the Lerdo Detention Facility at 17645 Industrial Farm Rd., Bakersfield, California in the Eastern District of California, Fresno Division.  The family members listed above in the petition were included in the deportation order and are under ICE supervision and threatened with imminent deportation.  The deportation order for Vartan Frnzlian's removal from the United States was issued February 6, 2002.

Petitioner has moved for his immediate release from custody, at the Lerdo Facility, where he is held pursuant to the provisions of 8 U.S.C. § 1231(a).  He claims he is not a danger to the community, is not a flight risk, and his detention denies him due process of law during the pendency of these proceedings.

This case was filed in the District Court for the Eastern District of California (Fresno) on April 25, 2005.  A hearing on an application for temporary stay and restraining order to enjoin the removal of Vartan Frnzlian was held in open court on April 27, 2005, at which time a temporary stay and restraining order against Petitioners' removal were entered.

Hearing on Vartan's application for temporary stay, preliminary injunction, and release from custody was held in open court on May 12, 2005.  Petitioner was not personally present and appeared through his attorney Gittell Gordon, Esq.  The Federal

Respondents appeared by and through Assistant United States Attorneys Audrey Hemesath, Esq., and Marianne Pansa, Esq.

At the May 12, 2005, hearing the Court was provided with a copy of the REAL ID ACT of 2005 effective May 11, 2005, the date it was signed into law by the President.  The REAL ID ACT OF 2005 amends 8 U.S.C. § 1158(b)(1) by adding at the end the following:

> (5) EXCLUSIVE MEANS OF REVIEW. -- Notwithstanding any other provision of law (statutory or non-statutory), including section 2241 Title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such Title, *a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e)*.  (Emphasis added) (The Court has been unable to find subsection (e)).
>
> . . . .
>
> (c) Transfer of Cases.  -- If an alien's case, brought under section 2241 of Title 28 United States Code, and challenging a final administrative order of removal, deportation, or exclusion is pending in a district court on the date of the enactment of this decision, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have properly been filed under section 242(b)(2) of the Immigration & Nationality Act (8 U.S.C. 1252), . . . . The Court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242 except that subsection (b)(1) of such section shall not apply.

Pursuant to the provisions of the Real ID Act of 2005 this is a pending case under 28 U.S.C. § 2241 that challenges an order of deportation or removal.  It must be transferred to the United States Court of Appeals for the Ninth Circuit.

With respect to Petitioners' request that the District Court continue a stay and/or injunctive order in effect pending outcome of the case in the Court of Appeal, reference is made to Ninth

3

Circuit Court of Appeals General Order 6.4 **Emergency Motions** (c) Motions for Stay of Deportation or Removal in Petitions for Review, which provides in material part: "Upon the filing of a motion or request for stay of removal or deportation, the order of removal or deportation is temporarily stayed until further order of the court."

At the hearing the government requested that the District Court not order a further stay or injunctive relief, in reliance upon the Court of Appeal's rule providing for temporary stay of removal or deportation in motions for stay of deportation or removal and petitions for review under General Order 6.4(c)1. In reliance upon the implied representation of the government's attorneys that no removal or deportation action will be undertaken pending transfer of this case to the Court of Appeals for the Ninth Circuit, no further orders for stay or injunctive relief are required in the District Court which lacks jurisdiction to address the 2241 petition for review of the order for deportation or removal.

IT IS ORDERED:

1. This case is TRANSFERRED to the Ninth Circuit Court of Appeals for the Ninth Circuit as required by the REAL ID ACT OF 2005, section 5(c);

2. No further stay or injunctive relief against deportation of Petitioners is required based on Ninth Circuit General Order 6.4(c); and

///
///
///

4

3. The request for immediate release from custody is DENIED WITHOUT PREJUDICE.

DATED: May 12, 2005.

/s/ OLIVER W. WANGER
_____
Oliver W. Wanger
UNITED STATES DISTRICT JUDGE

frnzlian order re transfer